IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN MICHAEL MARTIN,

        Plaintiff,

v.

GARTH GULICK, M.D., et al.,

        Defendants.

Civil No. 2:14-cv-00525-AC

FINDINGS AND RECOMMENDATION

SHAWN MICHAEL MARTIN
SID #13556240
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-8335

        Plaintiff *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
VANESSA A. NORDYKE
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

1 - FINDINGS AND RECOMMENDATION -

> Attorneys for Defendants Bennett, Bristol, Brown, Clayton, Coffey, Contreras, Gilmore, Graybill, Gruenwald, Gulick, Hanson, Hanry, Hillmick, Ingersoll, Jennings, Jones, Lande, Litano, McMillan, Munk, Nooth, Payne, Pena, Ransier, Rochester, Rodriguez, Shelton, Shook, Taylor, Thurmond, Townes, and Wettlaufer

ACOSTA, Magistrate Judge.

Plaintiff, an inmate at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is Defendants' Rule 12(B)(6) Motion to Dismiss (#23). For the reasons that follow, Defendants Motion to Dismiss should be DENIED.

## BACKGROUND

Plaintiff initiated this action by filing his original Complaint on March 31, 2014. Plaintiff's Complaint was 45-pages long, and was broken into three separate claims for relief. Claim One pertained to incidents which occurred while Plaintiff was incarcerated at the Oregon State Penitentiary ("OSP"), claim two pertained to incidents at the Two Rivers Correctional Institution ("TRCI"), and claim three pertained to incidents at Plaintiff current place of incarceration, SRCI.

On May 8, 2014, District Judge Marco A. Hernandez issued an Order dismissing Plaintiff's original Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Judge Hernandez described the Complaint as follows:

> Rather than setting forth a short and plain statement of each claim, plaintiff's complaint consists of a prolix chronology of events organized by defendant. As a result, the conduct which *may* give rise to a constitutional claim is scattered throughout the complaint, rendering it unduly difficult for defendants to frame a response.

Docket Entry #8, p. 3 (emphasis in original). The original Complaint was essentially a long chronology of facts, with no indication as to what constitutional rights were associated with what facts.

Due to Plaintiff's *pro se* status, Judge Hernandez granted Plaintiff leave to file an Amended Complaint curing the defects noted in the order of dismissal. Judge Hernandez instructed Plaintiff that the Amended Complaint "shall be organized into separate claims for relief, rather than a lengthy chronology of events organized by defendant." *Id*. at. p. 4. Further, "[e]ach claim for relief shall identify the alleged constitutional violation, the defendants personally involved, and their challenged conduct . . . [and] plaintiff shall not combine unrelated allegations into a single claim for relief." *Id*.

On June 14, 2014, Plaintiff an Amended Complaint. The Amended Complaint is 54 pages long, and names the same 33 Defendants from the three institutions identified in the original Complaint. This time, Plaintiff identifies the legal bases for his claims in one paragraph on page 7 of the Amended Complaint as "Deliberate indifference; reckless disregard; intentional infliction of pain; retaliation; misapplication of [Oregon Department of Corrections] Administrative rules; gross negligence; deliberate indifference to a prisoner's serious medical needs; condition deprivation [sic] of medication; mental, emotional, and physical pain and suffering; excessive force and violation of due process." Plaintiff then goes on, however, to separate out each Defendant individually, allege what that individual did to Plaintiff, and when, and states the basis of the alleged constitutional violation.

3 - FINDINGS AND RECOMMENDATION -

On September 5, 2014, Magistrate Judge Dennis J. Hubel issued a Notice of Lawsuit and Request for Waiver of Service Summons to the Oregon Attorney General. On September 25, 2015, this case was re-assigned to the undersigned. On December 8, 2015, counsel filed a Waiver of Service of Summons and the instant Motion to Dismiss.[1] Defendants argue Plaintiff's Amended Complaint is improperly organized as a lengthy chronology of events, that the Amended Complaint includes unrelated allegations within a single claim for relief, that some of Plaintiff's allegations against one Defendant fail to identify an alleged constitutional violation, and that the Amended Complaint "contains just one claim with myriad convoluted allegations."

## DISCUSSION

To state a claim, Plaintiff's Amended Complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Where the factual elements of a cause of action are scattered throughout the complaint, but not organized into a short and plain statement of the claim, dismissal of the complaint for failure to comply with Fed. R. Civ. P. 8(a) may be appropriate. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131-32 (9th Cir. 2008); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th

---

[1] On December 15, 2014, counsel filed an Amended Waiver of Service of Summons.

4 - FINDINGS AND RECOMMENDATION -

Cir. 1988); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). However, excessive length is not by itself sufficient grounds to dismiss a complaint under Rule 8. *Hearns*, 530 F.3d at 1131.

Moreover, as the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

As noted, Plaintiff's Amended Complaint identifies each Defendant, alleges facts pertaining to the actions of that Defendant, and identifies what legal causes of action Plaintiff alleges against that Defendant. While certainly not every single paragraph of Plaintiff's Amended Complaint might survive a detailed motion to dismiss, overall the Amended Complaint states clear, defined claims against each Defendant. The sheer number of claims and length of the Amended Complaint, though unwieldy, does not indicate dismissal. *See Hearn*, 530 F.3d at 1132 (where complaint contains excessive detail, but is intelligible and clearly delineate the claims and the Defendants against whom the claims are made, dismissal for violating Rule 8(a) is improper).

## RECOMMENDATION

For these reasons, Defendants' Motion Dismiss (#23) Plaintiff's Amended Complaint should be DENIED.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 20, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 5th day of February, 2015.

John V. Acosta
United States Magistrate Judge